IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ERNST A. JACOBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11CV967 |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter came before the Court for an Initial Pretrial Conference on April 17, 2012. In this case, Plaintiff Ernst A. Jacobson ("Plaintiff") raises claims under the Freedom of Information Act ("FOIA"). Defendant United States Department of Justice ("Defendant") filed an Answer, and the case was automatically scheduled for an Initial Pretrial Conference, which, under the Local Rules of this Court, would ordinarily include entry of a discovery scheduling order. However, Defendant has filed an Individual Rule 26(f) Report, noting that Plaintiff seeks judicial review of Defendant's response to Plaintiff's FOIA request, and that the case should therefore be decided on summary judgment based on the record and the claimed FOIA exemptions, without the need for any discovery. In this regard, the Fourth Circuit has noted that "the district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case." Simmons v. United States Department of Justice, 796 F.2d 709, 711-12 (4th Cir. 1986); Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir.1978) ("The agency's affidavits, naturally, must be 'relatively detailed' and nonconclusory and must be submitted in good faith. But if these requirements are

met, the district judge has discretion to forgo discovery and award summary judgment on the basis of affidavits."). Therefore, in the present case, having reviewed the issues presented, the Court will stay discovery and will not enter a discovery scheduling order at this time. If it is subsequently determined that some level of discovery is required, the discovery stay can be lifted and the Initial Pretrial Conference can be reconvened as necessary to set out any parameters and schedule for conducting whatever discovery is required.

Having so concluded, the Court notes that Plaintiff did not appear at the Initial Pretrial Conference, but that on the evening before the Initial Pretrial Conference, Plaintiff filed a Motion to Withdraw Complaint [Doc. #13], asking that the "complaint be dissolved" and "closed." As the basis therefor, Plaintiff stated that he could not afford to retain counsel to represent him in this case or in another related case (Case Number 1:11CV969). It thus appears that Plaintiff is now seeking to withdraw his Complaint and have this case closed. The Court advises Plaintiff, however, that he may proceed *pro se* if he so chooses. Thus, Plaintiff is encouraged to retain an attorney, but he is not required to do so. If Plaintiff chooses to proceed *pro se*, he is simply cautioned that he will be responsible for complying with the applicable Federal Rules of Civil Procedure and Local Rules of Court.

In these circumstances, the Court will recommend that the Motion to Withdraw Complaint [Doc. #13] be granted and that this case be dismissed without prejudice. However, if Plaintiff decides that he wants to proceed with this case *pro se*, he may move to withdraw his Motion to Withdraw or otherwise object to this Recommendation within 14 days. If no such motion or objection is filed within 14 days, this matter will be referred to the District Court on

2

Case 1:11-cv-00967-UA-JEP   Document 14   Filed 04/19/12   Page 2 of 3

the recommended dismissal of the case.

IT IS THEREFORE ORDERED that discovery is STAYED until otherwise ordered by the Court.

IT IS RECOMMENDED that the Motion to Withdraw Complaint [Doc. #13] be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE.

This, the 19th day of April, 2012.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge